```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                     Civil No. 06-341(DSD/SRN)
```

AXA Equitable Life Insurance
Company; and MONY Life
Insurance Company,

        Plaintiffs,

v.                                                              **ORDER**

John R. Paulson; John Paulson
Insurance Group, LLC; David R.
Dahl; Coventry First, LLC;
Mills, Potoczak and Company,
as Trustee of Life Settlements
2005 Trust No. 3; Wells Fargo
Bank Northwest, N.A., as
Custodian under Custodian
Agreement, dated as of
September 20, 2006; and Alternative
Asset Opportunities PCC Limited,

        Defendants.

      This matter is before the court upon plaintiff AXA Equitable Life Insurance Company's ("AXA") objections to the report and recommendation of Magistrate Judge Susan Richard Nelson dated September 10, 2007. In her report, the magistrate judge recommends that defendant Alternative Asset Opportunities PCC Limited's ("AAO") motion to dismiss be granted without prejudice. For the reasons that follow the court adopts in part the magistrate judge's recommendation.

**BACKGROUND**

This action arises out of three life insurance policies issued by plaintiffs to defendant John Paulson ("Paulson").[1] AXA issued policy 154-204-786[2] ("786 policy") to Paulson on February 3, 2004.[3] AXA filed this action against Paulson on January 24, 2006, seeking in Counts I and V to rescind or void the policies.[4] AAO, a closed-end, protected cell company registered in Guernsey, Channel Islands, United Kingdom, purchased Paulson's policy on March 29, 2006, through its investment manager Surrenda-link Limited.[5] Plaintiffs filed a second amended complaint joining AAO on January 31, 2007.[6]

---

[1] AXA issued two policies and plaintiff MONY Life Insurance Company issued a third.

[2] Both policies issued by AXA to Paulson are the subject of this litigation. However, only the 786 policy is relevant to this order.

[3] Paulson signed the application for the 786 policy on March 3, 2004, but the issue date of the policy was February 3, 2004, "to save age." (Third Am. Compl. ¶¶ 20, 21.)

[4] Plaintiffs also seek money damages for negligent misrepresentation, fraud/misrepresentation and breach of duty of good faith and fair dealing in Counts II, III and IV respectively. (See Third Am. Compl.)

[5] A&M Analysis Group, LLC ("A&M") served as an intermediary in the transaction, acquiring the 786 policy from Paulson and then selling it to AAO.

[6] Plaintiffs subsequently filed a third amended complaint on March 1, 2007.

On March 21, 2007, AAO filed a motion to dismiss plaintiffs' claims against it for lack of personal jurisdiction and to dismiss all claims seeking to rescind, void or modify the 786 policy because AAO is a necessary and indispensable party under Federal Rule of Civil Procedure 19.  The magistrate judge recommends granting the motion and dismissing AAO from the action as well as AXA's claims regarding the 786 policy.

## DISCUSSION

AXA does not object to the magistrate judge's recommendation that AAO be dismissed for lack of personal jurisdiction. Accordingly, the court adopts that recommendation.  See D. Minn. LR 72.2(b).  AXA, however, objects to the magistrate judge's recommendation that all claims regarding the 786 policy be dismissed because AAO is an indispensable party.  The court reviews this portion of the magistrate judge's report and recommendation de novo.  28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

Federal Rule of Civil Procedure 19(a) requires joinder of necessary parties.[7]  Gwartz v. Jefferson Mem'l Hosp. Ass'n, 23 F.3d

---

[7] The magistrate judge did not address AXA's argument that AAO is not a necessary party under Rule 19(a).  Although AXA did not object to the magistrate judge's implicit recommendation that AAO is a necessary party, the court now explicitly determines that AAO is a necessary party pursuant to Rule 19.  Specifically, AAO, as owner of the 786 policy, has an interest in that policy such that "disposition of the action in [AAO's] absence may ... as a practical matter impair or impede [AAO's] ability to protect that
(continued...)

1426, 1428 (8th Cir. 1994). If a necessary party cannot be joined, courts "shall determine whether in equity and good conscience the action should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). Courts consider four factors in making this determination:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Id.

A party is indispensable if the case cannot proceed without it. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119 (1968). "Whether a person is 'indispensable' ... can only be determined in the context of a particular litigation," and "must be based on factors varying with the different cases." Id. at 118, 119. In other words, "Rule 19(b) is a pragmatic rule whose application turns on considerations of efficiency and fairness in the particular case." Baker Group, L.C. v. Burlington N. & Santa Fe Ry. Co., 451 F.3d 484, 491 (8th Cir. 2006) (citations omitted).

---

[7](...continued)
interest." Fed. R. Civ. P. 19(a)(2)(i).

Applying the relevant factors, the court determines that AAO is an indispensable party with respect to AXA's claims to rescind or void the 786 policy. First, allowing AXA to proceed in such an action in AAO's absence would be highly prejudicial to AAO because a judgment in AXA's favor would destroy AAO's investment in the 786 policy. Relying on Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, 564 F.2d 816 (8th Cir. 1977), AXA argues that although a decision in its favor would extinguish the 786 policy, AAO would not be prejudiced because it could sue Paulson to recover its damages. Helzberg's, however, is inapposite. In that case, a commercial tenant sued to enjoin its landlord from breaching their lease agreement by permitting a competitor to open and operate in the same shopping center. Id. at 817-18. The court held that the competitor was not an indispensable party because "[n]one of its rights or obligations will have been adjudicated as a result of the present proceedings." Id. at 819. In other words, even though a decision in favor of the tenant would enjoin the landlord from permitting the competitor to open and operate, the competitor was not indispensable because it retained rights in its own lease agreement that it could enforce in a separate action. Id. In this case, Paulson assigned his rights under the 786 policy to AAO. This is not a case where determination of a party's rights under one contract will indirectly affect another party's rights under a separate contract.

Rather, the only relevant contract is for the 786 policy.  See Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 803 (Minn. 2004) ("An assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment.").  Thus, this factor supports dismissal because AAO, as owner of the contested policy, would be highly prejudiced if AXA maintained an action to rescind or void the policy in AAO's absence.

Regarding the second factor - whether the court can shape relief to lessen or avoid prejudice - both parties apparently agree that limiting AXA's relief to money damages for its claims regarding the 786 policy would protect AAO's interest in that policy and provide adequate relief to AXA.  Specifically, AXA argues that "[a]ny prejudice to AAO can be avoided by shaping relief in the form of damages rather than rescission."  (Pl. Mem. Opp'n at 14.)  Likewise, AAO argues that "to the extent AXA's allegations have merit, it can be made whole through the monetary damages it seeks ... under Claims II [negligent misrepresentation], III [fraud/misrepresentation], and IV [breach of duty of good faith and fair dealing]."  (Def. Mem. Supp. at 12.)  The court agrees and therefore determines that this factor supports dismissal of AXA's claims to rescind or void the 786 policy because, even in the absence of those claims, AXA can still pursue money damages for Paulson's alleged material misrepresentations or omissions

6

surrounding the issuance of the policy.  Accord B. Fernandez & Hnos., Inc. v. Caribbean Warehouse Logistics, Inc., 440 F.3d 541, 548 (1st Cir. 2006) ("When rescission or specific performance might have a detrimental impact on an absent person, money damages may prove to be an appropriate alternative." (citation omitted)).

The third factor - whether a judgment rendered in AAO's absence would be adequate - relates to "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." Provident Tradesmens Bank & Trust Co., 390 U.S. at 111.  If AXA was successful in rescinding or voiding the 786 policy, AAO would likely file a separate lawsuit against Paulson, thus wasting scarce judicial resources and inhibiting the efficient settlement of the present controversy.  Therefore, the public's interest would not be served by permitting AXA to maintain an action to rescind or void the 786 policy without AAO as a party. Accordingly, this factor supports dismissal of AXA's claims to void or rescind the 786 policy.

Finally, the fourth factor - whether AXA would have an adequate remedy absent its claims to rescind or void the 786 policy - is not particularly relevant in this case because the action will not be dismissed for nonjoinder; rather, AXA's available remedies will merely be limited.  However, even if the court dismissed the action in its entirety, it is not clear that, as AXA argues, there would be no alternative forum that could exercise concurrent

7

personal jurisdiction over AAO and Paulson.  Specifically, the record reveals that AXA maintains an office in North Carolina, that AAO makes premium payments to AXA at that office, and that A&M - the intermediary that purchased the 786 policy from Paulson and conveyed it to AAO - is located in North Carolina.  (See Tracy Decl. ¶¶ 9, 13.)  This suggests that North Carolina might be an appropriate forum for an action to rescind or void the 786 policy. Accordingly, this factor supports dismissal of AXA's claims.  See Provident Tradesmens Bank & Trust Co., 390 U.S. at 109 (noting that a plaintiff's interest in a particular forum is weakened if a satisfactory alternative forum exists).

In sum, the court concludes that AAO is indispensable because its interest in being a party to an action to rescind or void the 786 policy, the availability of money damages and the public's interest in complete, consistent and efficient settlement of controversies outweigh any potential prejudice to AXA.  Reaching the same conclusion, the magistrate judge recommends dismissing without prejudice "AXA's claims regarding the policy now owned by [AAO] ... to being refiled in a forum where the court possesses jurisdiction over all the relevant parties."  This suggests that AXA would be prevented from pursuing Counts II, III and IV in the present litigation as they relate to the 786 policy. AAO, however, only moved to dismiss "all claims seeking to rescind, void or modify [the 786] policy," (Mot. Dismiss), not claims for money

damages against Paulson relating to the 786 policy.  Accordingly, the court grants AAO's motion and dismisses Counts I and V as they relate to the 786 policy with the understanding that AXA may continue to pursue its claims for money damages against Paulson in relation to that policy.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   AAO's motion to dismiss all claims against it [Doc. No. 42] for lack of personal jurisdiction is granted.

2.   AAO's motion to dismiss all claims seeking to rescind, void, or modify the 786 policy is granted.

Dated:  October 23, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court
